UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KELLEY W. ANDERSON, III,

        Plaintiff,

vs.                                     Case No. 3:11-cv-1069-J-34JBT

SHERIFF DAVID R. SHOAR,
et al.,

        Defendants.

_____


## ORDER TO AMEND

Plaintiff, an inmate of the St. Johns County Detention Center, initiated this action by filing a pro se Civil Rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983 on September 9, 2011, in the United States District Court for the Northern District of Florida. Thereafter, the Court transferred the case to this Court. Since Plaintiff has failed to set forth his claims adequately on a revised civil rights complaint form, he will be required to file an Amended Complaint in accordance with the instructions in this Order.

Plaintiff must state how each Defendant violated his federal constitutional rights, briefly set forth the relevant facts to support his claims, and designate the specific dates that the named Defendants allegedly violated his federal constitutional rights. Plaintiff must set forth only related claims in one civil rights complaint. If there are unrelated claims, he should file a separate civil rights complaint form for each unrelated claim. Therefore, in amending, Plaintiff should choose one basic issue or incident that is not barred by the statute of limitations and name, as the Defendants, only those individuals who allegedly violated his federal constitutional rights. Plaintiff should not assert claims relating to other inmates. Those inmates may initiate their own civil rights cases. A properly drafted Complaint will assist this Court in an efficient and expeditious review and resolution of the action.

In amending, Plaintiff must write Defendants' full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form. Finally, if Plaintiff's complaint includes, as Defendants, individuals who hold supervisory positions and/or who are not directly involved in the day to day operations of the Florida Department of Corrections or the penal facility, Plaintiff should be aware that respondeat superior has clearly been rejected as a theory of recovery under section 1983. Polk County v. Dodson,

2

454 U.S. 312, 325 (1981); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation. Moreover, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

In filing the Amended Complaint on the enclosed civil rights complaint form, he must strictly adhere to the instructions contained within the civil rights complaint form as well as this Court's Order. In compliance with the form, Plaintiff must inform this Court of all previously-filed cases in the federal courts that pertain to the facts involved in this action or otherwise relating to his imprisonment or the conditions of that imprisonment, including habeas corpus and civil rights cases. See Section IV.B. He must also answer question IV.D., pertaining to those cases dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.

Moreover, in accordance with the instructions to the civil rights complaint form, Plaintiff is required to submit a copy of the amended civil rights complaint and all exhibits for each Defendant for service of process. Therefore, Plaintiff must ensure that he submits a sufficient number of copies of the amended complaint and the exhibits for service of process upon the Defendants. With such a requirement, Plaintiff should carefully review his claims and choose one basic incident or issue to pursue in this action and name, as the Defendants, only those individuals who are responsible for that alleged deprivation. Finally, the Amended Complaint must not refer back to the original complaint, but must be amended in its entirety.

Finally, as a forewarning, Local Rule 3.01(e) provides, in pertinent part: "The unwarranted designation of a motion as an emergency motion may result in imposition of sanctions." Plaintiff is cautioned to only designate a motion as an "emergency" when there is a true emergency that the Court should entertain either immediately or shortly after its filing. If Plaintiff violates Local Rule 3.01(e), this Court will consider the imposition of sanctions, which may include monetary sanctions, for continuing to improperly designate his pleadings as "emergency" filings.

Therefore, it is now

**ORDERED**:

1.   Plaintiff, **on or before December 12, 2011**, shall file an amended complaint on the enclosed civil rights complaint form. This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written on the top of the form.   Plaintiff must submit a copy of the Amended Complaint and exhibits for service of process upon each Defendant. **Failure to file the Amended Complaint and follow the specific instructions contained within this Order by the designated deadline will result in the dismissal of this action without further notice.**

2.   The Clerk of Court shall provide a civil rights complaint form to Plaintiff for his use in amending.

3.   If Plaintiff no longer wishes to pursue this action or prefers to dismiss this case without prejudice to refile at a later date (to gather his financial documentation, further develop the facts, seek the assistance of an attorney,[1] research the legal issues, and/or initiate a case in state court to address any alleged negligence claims), he may file a motion for voluntary dismissal of the action.   However, Plaintiff should take into

---

[1] Due to the limited resources of the Pro Bono Appointment Program, the process of finding counsel is a very lengthy endeavor, and therefore, the search may result in the staying and administrative closure of the case until counsel is found and agreeable to such representation.  With this in mind, Plaintiff may consider attempting to find counsel on his own before requesting the appointment of counsel.

account the running of the statute of limitations in making such a decision.    Or, Plaintiff may proceed in this action by filing an amended complaint on the enclosed civil rights complaint form in accordance with the instructions in this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

sc 11/3
c:
Kelley W. Anderson, III